# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| EBONY N. JACOBS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV416-216 |
| ) | CR414-343 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **REPORT AND RECOMMENDATION**

Ebony Jacobs moves, pursuant to 28 U.S.C. § 2255, to reduce her sentence in light of a November 1, 2015 amendment to the Sentencing Guidelines' "mitigating role" adjustment. Doc. 27; U.S.S.G. § 3B1.2.[1] Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that her motion must be denied.

On February 17, 2015, Jacobs pled guilty to conspiracy to commit mail fraud, wire fraud, and money laundering. Doc. 12 (plea agreement); doc 17 (judgment). The Court originally sentenced her to thirty months' imprisonment, reducing that to twenty-four months after a Government

---

[1] All citations are to the criminal docket in CR414-343, and all page numbers are those imprinted by the Court's docketing software.

motion under Fed. R. Crim. P. 35. Doc. 24. She never appealed.

In the present § 2255 motion, Jacobs contends that Amendment 794 to U.S.S.G § 3B1.2 makes her eligible for a minor role adjustment to her already-reduced sentence. Doc. 27 at 16. Whether true or not, that's not the first question the Court must answer.

Amendment 794 merely "clarified the factors to consider for a minor-role adjustment" -- it did not substantively change § 3B1.2. *United States v. Casas*, 632 F. App'x 1003, 1004 (11th Cir. 2015); *see also United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). "The threshold inquiry," therefore, "is whether [Jacobs'] claim that h[er] sentence is contrary to a subsequently enacted clarifying amendment is cognizable under § 2255." *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998).

*Burke* mirrors this case, the only salient differences being the Guidelines enhancement at issue (obstruction of justice there, "minor role" here) and the number of the amendment underlying the defendant's claim (794 here, 347 in *Burke*). *Id.* at 1330. By voluntarily dismissing his appeal before decision, Burke effectively didn't appeal, just

2

like Jacobs. *Id.* at 1331. Then, two years after Burke's sentencing (only five months in Jacobs' case), the Sentencing Commission "added amendment 347 to the obstruction-of-justice enhancement provision." *Id.* Burke, also like Jacobs, "subsequently moved pursuant to 28 U.S.C. § 2255 for a modification and correction of his sentence based on this amendment." *Id.*

Because "§ 2255 is not a substitute for direct appeal," the Eleventh Circuit held that "nonconstitutional claims" like Burke's and Jacobs' "can be raised on collateral review only when the alleged error constitutes a "'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Burke*, 152 F.3d at 1331 (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)). "Insofar as amendment [794] is a clarifying amendment effecting no change in the substantive law, [Jacobs]," like Burke, "was afforded the opportunity to" challenge the denial of a minor role adjustment "at h[er] original sentencing and on direct appeal." *Id.* at 1332. She never did.[2] "Considering all of the

---

[2] Nothing like a plea agreement appeal waiver prevented Jacobs from appealing. Nor

3

circumstances, [the Court] cannot say that the alleged mis-application of the sentencing guidelines in this case was fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief." *Id.*

Accordingly, Ebony Jacobs' § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

---

did she ever object, at or before sentencing, to an absence of a minor role adjustment in her Presentence Investigation Report.

4

**SO REPORTED AND RECOMMENDED,** this <u>5th</u> day of August, 2016.

/s/ G. R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA